UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CECIL WOOTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| | ) |

CECIL WOOTEN, ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Tennessee, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Memphis, Tennessee 38119.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 140 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times herein, Defendant placed repeated telephone calls to Plaintiff in its attempts to collect a consumer debt.

11. The alleged debt at issue arose from a credit card account involving Capital One.

12. Upon information and belief, the alleged debt arose out of transactions which were for personal, family, or household purposes, as Plaintiff did not have any business or commercial debt.

13. Beginning in or around late February 2015 and continuing through May 2015, Defendant placed repeated harassing calls to Plaintiff's work and cellular telephone numbers.

14. Upon initial telephone communication, Defendant pressured Plaintiff to enroll in Defendant's payment plan of four (4), $50 installments, despite the fact the debt was outside the applicable statute of limitations, thus re-aging the debt.

15. However, despite unjustly securing this payment arrangement, Defendant's

collectors continued to place repetitive and harassing telephone calls to Plaintiff's cellular and work telephone.

16. During these subsequent calls, Defendant demanded that Plaintiff increase the amount of each payment, despite their payment arrangement.

17. Plaintiff informed Defendant that he would only pay the agreed amount and that he was unable to meet their demand given his then-existing financial support of a family member.

18. Defendant ignored Plaintiff and continued to call his work and cellular telephone numbers.

19. Plaintiff's employer prohibits personal telephone calls during normal work hours; Defendant was aware of this, yet Defendant continued to call.

20. On one occasion in which Plaintiff spoke to Defendant's collector, Defendant belittled Plaintiff's inability to pay and stated that Plaintiff was "soaking off his Aunt."

21. Defendant also insisted Plaintiff provide his checking account number and routing information; and when asked why, quickly changed the subject and refused to respond to Plaintiff's inquiry.

22. When Defendant was unable to pressure Plaintiff into increasing his payments, Defendant called Plaintiff's place of work and spoke with Plaintiff's supervisor, requesting salary information for Plaintiff.

23. Defendant's conduct as described herein was made with the intent to annoy, harass, and coerce payment in connection with the collection of a debt.

## COUNT I
### DEFENDANT VIOLATED § 1692c(a)(3) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

24. Section 1692c(a)(3) of the FDCPA prohibits debt collectors from communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

25. Defendant violated §1692c(a)(3) of the FDCPA when it contacted Plaintiff at his place of work although already having a viable contact number in its system.

## COUNT II
### DEFENDANT VIOLATED § 1692c(b) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692c(b) of the FDCPA prohibits a debt collector from communicating with a third party in connection with the collection any debt, with any person other than a consumer.

27. Defendant violated § 1692c(b) of the FDCPA when it called Plaintiff's place of work, speaking to Plaintiff's superior and requesting salary information about Plaintiff.

## COUNT III
### DEFENDANT VIOLATED § 1692d and § 1692d(5)  OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

29. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a

telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

30. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it made repeated calls to Plaintiff's cellular and work telephone with the intent to harass or annoy Plaintiff and continued to contact Plaintiff after being advised to cease.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(2) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692d(2) of the FDCPA prohibits a debt collector from engaging in the use of obscene or profane language or language the natural consequence of which is to abuse the hearer.

32. Defendant violated § 1692d(2) of the FDCPA when it insulted Plaintiff's living situation as a ploy to "soak off (his) Aunt."

## COUNT V
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.

34. Defendant violated § 1692f of the FDCPA when it attempted to acquire Plaintiff's checking account number and routing information for the purpose of which can only be determined as to withdraw payment from Plaintiff's account.

WHEREFORE, Plaintiff, CECIL WOOTEN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CECIL WOOTEN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 6/5/2015        KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff Ginsburg
    Amy L. Bennecoff
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: aginsburg@creditlaw.com
    Attorney for Plaintiff